UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAELINA LATORRE,

              Plaintiff,

   -against-

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A. and
BANK OF AMERICA, NATIONAL ASSOCIATION

              Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 08 2014 ★
BROOKLYN OFFICE

**COMPLAINT**

**CV 14-4181**

Civil Docket No.

PLAINTIFF DEMANDS
TRIAL BY JURY

**BIANCO, J.**

**LINDSAY, M.J.**

Plaintiff MICHAELINA LATORRE, by her attorneys, THE NEVELOFF LAW FIRM PC, upon information and belief complains of the BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A. and BANK OF AMERICA, NATIONAL ASSOCIATION as follows:

## **PARTIES**

1. That at all times herein mentioned, Plaintiff, MICHAELINA LATORRE (hereinafter "Plaintiff") was and still is a resident of the State of Florida.

2. That at all times herein mentioned, Defendant BANK OF AMERICA CORPORATION was and still is a Delaware corporation doing business in the State of New York.

3. That at all times herein mentioned, Defendant BANK OF AMERICA, N.A. was and still is a North Carolina business entity doing business in the State of New York.

4. That at all times herein mentioned, Defendant BANK OF AMERICA, NATIONAL

ASSOCIATION was and still is a North Carolina business entity doing business in the State of New York.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon this court pursuant to 28 U.S. Code § 1332 based upon diversity of citizenship as there exists complete diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00.

6. Venue is proper in that the causes of action arose in Nassau County in the Eastern District of the State of New York.

## FACTS

7. That at all times herein mentioned, a Bank of America was located at 100 Hillside Avenue, Williston Park, New York 11596 (hereinafter "Williston Bank of America").

8. That at all times mentioned, there is a parking lot located adjacent to the Williston Bank of America located at 100 Hillside Avenue, Williston Park, New York 11596.

9. That the Williston Bank of America and said parking lot is designated as Section 9, Block 205, Lot 258 in the County of Nassau.

10. That the Williston Bank of America and said parking lot designated as Section 9, Block 205, Lot 258 in the County of Nassau shall be referred hereinafter as "the premises".

11. That at all times herein mentioned, Defendant BANK OF AMERICA CORPORATION owned the premises.

12. That at all times herein mentioned, Defendant BANK OF AMERICA CORPORATION managed the premises.

13. That at all times herein mentioned, Defendant BANK OF AMERICA CORPORATION maintained the premises.

14. That at all times herein mentioned, Defendant BANK OF AMERICA, N.A. owned the premises.

15. That at all times herein mentioned, Defendant BANK OF AMERICA, N.A. managed the premises.

16. That at all times herein mentioned, Defendant BANK OF AMERICA, N.A. maintained the premises.

17. That at all times herein mentioned, Defendant BANK OF AMERICA, NATIONAL ASSOCIATION owned the premises.

18. That at all times herein mentioned, Defendant BANK OF AMERICA, N.A. managed the premises.

19. That at all times herein mentioned, Defendant BANK OF AMERICA, NATIONAL ASSOCIATION maintained the premises.

20. That the Defendants had possessory interests and/or special use of the premises.

21. That on July 12, 2011, Plaintiff was at the Williston Bank of America parking lot.

22. That on July 12, 2011, while Plaintiff was walking at the Williston Bank of America parking lot she stepped into a depressed and uneven portion of the parking lot and was caused to fall to the ground.

23. The following is a photograph of the aforementioned parking lot as it appeared on or about July 12, 2011:



24. That Defendants had actual and constructive knowledge of the dangerous condition yet Defendants still failed to properly repair the aforementioned parking lot.

25. That following the incident, Defendants remedied the dangerous and defective condition by patching the depression with asphalt and tar as depicted in the photograph below:



26. That remedying the depression prior to Plaintiff's incident would have been feasible and inexpensive.

27. That as a result of falling on July 12, 2011, Plaintiff was caused to sustain personal injuries at the aforesaid premises.

28. That Plaintiff was caused to sustain personal injuries as a result of the dangerous and defective condition of the aforesaid parking lot.

29. That Plaintiff injuries were due solely to the negligence of the Defendants without any contributory negligence on the part of Plaintiff herein.

30. That Defendants, their agents, servants, employees and/or licensees were negligent in the design ownership, management, control, maintenance, inspection and repair of the aforesaid premises; in failing to maintain said area in a safe condition for those lawfully using same; in that said condition remained at a time when the defendants, its agents, servants, and/or employees knew of or should have known that an incident, such as the instant incident, would take place; in creating the hazardous condition; in allowing the dangerous condition to remain without remedying same; in not warning persons thereat of the dangerous condition then and there existing; failing to post a warning of the hazardous condition; in causing Plaintiff to sustain personal injury and in failing to follow the applicable Laws of the State of New York.

31. That by reason of the foregoing, Plaintiff was severely and seriously injured and among other things sustained injuries to her left elbow, left shoulder and right hand as well a left knee injury that required surgery; Plaintiff suffered and will continue to suffer physical and mental pain and injury; has become sick, sore, lame and disabled and upon information and belief, will be permanently injured; has sustained loss of enjoyment of life, and has been compelled to spend sums of money and incur liability for medical care and treatment and, upon

information and belief, will be required to spend and incur liability therefore in the future.

32. Plaintiff does not herein seek a specific amount of damages, but rather a fair and adequate amount of damages to be determined by the jury at the time of trial.

WHEREFORE, Plaintiff MICHAELINA LATORRE, demands judgment against the Defendants in an amount to be determined at the time of trial in excess of the jurisdiction of all lower courts, together with the costs and disbursements of this action, attorney fees and for such other, further and different relief as to this Court may deem just and proper.

Dated: New York, New York
July 8, 2014

Respectfully Submitted,

THE NEVELOFF LAW FIRM, PC
Attorneys for Plaintiff

30 Broad Street, 35th Floor
New York, New York 10004
(212) 964-2066
(DN – 2366)